**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TYRONE PRINCE
1835 T Street SE
Washington, DC 20020

Case No. 1:16-cv-1477

DE'LONN HARDIE
3916 8th Street SE
Washington, DC 20032

**COMPLAINT – COLLECTIVE
ACTION AND CLASS ACTION**

**Jury Trial Demanded**

KIERRA OLIVER
6531 Beechwood Drive
Temple Hills, MD 20748

GARY MCNAIR EL
4406 Livingston Road SE Apt. A
Washington, DC 20032

on behalf of themselves and all others
similarly situated,

                Plaintiffs,

      vs.

ARAMARK CORPORATION
1101 Market Street
Philadelphia, PA 19107
(c/o registered agent
CT Corporation System
1015 15th St NW #1000
Washington, DC 20005)

ARAMARK SPORTS AND ENTERTAINMENT
SERVICES, LLC
1101 Market Street
Philadelphia, PA 19107
(c/o registered agent
CT Corporation System
1015 15th St NW #1000
Washington, DC 20005)

ARAMARK MANAGEMENT SERVICES
LIMITED PARTNERSHIP D/B/A ARAMARK
FACILITY SERVICES
2300 Warrenville Road
Downer's Grove, IL 60515

And
1101 Market Street
Philadelphia, PA 19107
(c/o registered agent
CT Corporation System
1015 15th St NW #1000
Washington, DC 20005)

ARAMARK SPORTS, LLC
1101 Market Street
Philadelphia, PA 19107
(c/o registered agent
CT Corporation System
1015 15th St NW #1000
Washington, DC 20005)

ARAMARK SPORTS FACILITIES, LLC
1101 Market Street
Philadelphia, PA 19107
(c/o registered agent
CT Corporation System
1015 15th St NW #1000
Washington, DC 20005)

ARAMARK FACILITY SERVICES, LLC
1101 Market Street
Philadelphia, PA 19107
(c/o registered agent
CT Corporation System
1015 15th St NW #1000
Washington, DC 20005)

MOTIR SERVICES, INC.
1508 East Capitol Street NE
Washington, DC 20003
(c/o registered agent
Business Filings Incorporated
1015 15th St NW #1000
Washington, DC 20005)

                    Defendants.
_____/

        Plaintiffs Tyrone Prince, De'Lonn Hardie, Kierra Oliver, and Gary McNair El

("Plaintiffs"), individually and on behalf of all others similarly situated, allege as follows:

2

1.      This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the District of Columbia Minimum Wage Revision Act, D.C. Code § 32–1001 *et seq*. ("DC Minimum Wage Act"); the District of Columbia Living Wage Act, D.C. Code § 2–220.01 *et seq*. ("DC Living Wage Act"); the District of Columbia Wage Payment and Collection Law, D.C. Code § 32–1301, *et seq*. ("DC Wage Payment Law"); and District of Columbia common law.

2.      Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former non-exempt employees of Defendants Aramark Corporation; Aramark Sports and Entertainment Services, LLC; Aramark Management Services Limited Partnership d/b/a Aramark Facility Services; Aramark Sports, LLC; Aramark Sports Facilities, LLC; and Aramark Facility Services, LLC (collectively, "Aramark") and Motir Services, Inc. ("Motir") (collectively, "Defendants"), who have worked for them as housekeeping aides in the Walter E. Washington Convention Center ("Washington Convention Center") on or after the date that is three (3) years before the filing of the instant Complaint.  Plaintiffs bring this action against Defendants individually and/or as joint employers.

3.      This action is brought as a collective action under the FLSA and the DC Minimum Wage Act and as a class action under Rule 23 of the Federal Rules of Civil Procedure and the DC Wage Payment Law, the DC Living Wage Act, and District of Columbia common law.

4.      Plaintiffs challenge Defendants' failure to pay overtime and non-overtime hours at the living wage rate required by the DC Living Wage Act, D.C. Code § 2–220.01 *et seq*. and the minimum wage required by the DC Minimum Wage Act, D.C. Code § 32–1001 *et seq.*  Plaintiffs seek to recover unpaid wages and overtime compensation, treble liquidated damages, interest, declaratory and injunctive relief, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has federal jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.  The Court has supplemental jurisdiction over Plaintiffs' District of Columbia claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Defendants do business in this judicial district and the events giving rise to these claims occurred in this judicial district.

## PARTIES

7.      Plaintiff Tyrone Prince is a natural person and a resident of Washington, DC.  He has been employed by Defendant Motir as a housekeeping aide at the Washington Convention Center at all times covered by this Complaint.

8.      Plaintiff De'Lonn Hardie is a natural person and a resident of Washington, DC. He has been employed by Defendant Motir as a housekeeping aide at the Washington Convention Center since September 9, 2015.

9.      Plaintiff Kierra Oliver is a natural person and a resident of Temple Hills, Maryland. She has been employed by Defendant Aramark as a housekeeping aide at the Washington Convention Center since June 20, 2007.

10.     Plaintiff Gary McNair El is a natural person and a resident of Washington, DC. He has been employed by Defendant Aramark as a housekeeping aide at the Washington Convention Center since May 20, 2014.

11.     Defendant Aramark Corporation is a Delaware corporation headquartered at 1101 Market Street, Philadelphia, PA 19107.  Defendant Aramark Corporation conducts regular business in the District of Columbia.

4

12.     Defendant Aramark Sports and Entertainment Services, LLC is a Delaware limited liability company and a subsidiary of Defendant Aramark Corporation.  It is headquartered at 1101 Market Street, Philadelphia, PA 19107.  Defendant Aramark Sports and Entertainment Services, LLC is the signatory to a contract with the Washington Convention and Sports Authority (WCSA) t/a Events DC to provide janitorial cleaning services at the Washington Convention Center from October 1, 2015 until at least September 30, 2020.

13.     Defendant Aramark Management Services Limited Partnership d/b/a Aramark Facility Services is a limited partnership formed in Delaware that operates as a subsidiary of Defendant Aramark Corporation.  It operates headquarters in Downer's Grove, Illinois and 1101 Market Street, Philadelphia, PA 19107.  Defendant Aramark Management Services Limited Partnership d/b/a Aramark Facility Services was the signatory to a contract with the Washington Convention Center Authority, the predecessor to WCSA, to provide janitorial and related services at the Washington Convention Center from October 1, 2004 through at least September 30, 2009.  Upon information and belief, Defendant Aramark Management Services Limited Partnership d/b/a Aramark Facility Services extended its contract with WCSA to provide janitorial and related services at the Washington Convention Center through September 30, 2015.

14.     Defendant Aramark Sports, LLC is a Delaware limited liability company and a subsidiary of Defendant Aramark Corporation.  It is headquartered at 1101 Market Street, Philadelphia, PA 19107.  Defendant Aramark Sports, LLC is the signatory to a collective bargaining agreement with representatives of the housekeeping aides at the Washington Convention Center.

15.     Defendant Aramark Sports Facilities, LLC is a Delaware limited liability company and a subsidiary of Defendant Aramark Corporation.  It is headquartered at 1101

Market Street, Philadelphia, PA 19107.  Defendant Aramark Sports Facilities, LLC has issued paychecks to housekeeping aides at the Washington Convention Center at times relevant to this Complaint.

16.    Defendant Aramark Facility Services, LLC is a Delaware limited liability company and a subsidiary of Defendant Aramark Corporation.  It is headquartered at 1101 Market Street, Philadelphia, PA 19107.  Defendant Aramark Facility Services, LLC has issued paychecks to housekeeping aides at the Washington Convention Center at times relevant to this Complaint.

17.    Defendant Motir Services, Inc. is a closely-held District of Columbia corporation headquartered at 1508 E. Capitol Street, NE, Washington, DC 20003.  Defendant Motir Services, Inc. is a District of Columbia Certified Business Enterprise and Small Business Administration 8(a) minority-owned business.  Defendant Motir Services, Inc. has issued paychecks to housekeeping aides at the Washington Convention Center at times relevant to this Complaint.

18.    Defendants Aramark and Motir are, and at all times material to this action were, enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).  Defendants Aramark and Motir collectively conduct business and employment practices in the District of Columbia.  Each of the named Defendants consented to, authorized, and/or ratified the acts alleged herein and is a joint employer of Plaintiffs and others similarly situated within the meaning of 29 C.F.R. § 791.2. For example:

a.  One office at the Washington Convention Center controls housekeeping operations. All housekeeping aides work together as one pool of employees, irrespective of whether Aramark or Motir issues the employee's paycheck.

b.  All housekeeping aides report to the same shift supervisors, irrespective of

whether Aramark or Motir issues the employee's paycheck.

c.   The same supervisors set schedules for all employees, irrespective of whether Aramark or Motir issues the employee's paycheck.

d.   Supervisors and managers employed by both Aramark and Motir have authority to discipline or terminate all housekeeping aides, irrespective of whether Aramark or Motir issues the employee's paycheck.

e.   All employees pick up their paychecks from Aramark Human Resources, irrespective of whether Aramark or Motir issues the employee's paycheck.

f.   All newly-hired housekeeping aides attend the same training and orientation and complete the same new hire paperwork, irrespective of whether Aramark or Motir issues the employee's paycheck.

g.   At new-hire orientation and training, all housekeeping aides are instructed to follow Aramark guidelines, rules, and regulations, irrespective of whether Aramark or Motir issues the employee's paycheck.

h.   Upon information and belief, the housekeeping supervisors at the Washington Convention Center who are employed by Motir report to Aramark upper management.

i.   Aramark pays for most if not all of the supplies, inventory and other non-personnel expenses used by both Aramark and Motir at the Washington Convention Center.

j.   Upon information and belief, Motir is a subcontractor of Aramark.

k.   Consequently, the Defendants are joint employers of Plaintiffs and as a result, all Defendants, individually and collectively, and jointly and severally, are

liable for all claims made herein.

19.      Defendants are, and at all times material to this action were, enterprises engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

20.      Defendants are, and at all times material to this action were, employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and D.C. Code §§32–1301(1) and 32–1002(3).

21.      Defendants are, and at all times material to this action were recipients within the meaning of D.C. Code §§ 2–220.02(5).

22.      At all times material to this action, one or more of the named Plaintiffs were employed as housekeeping aides at the Washington Convention Center and were employees of the two Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and D.C. Code §§32–1301(2), 32–1002(2), and affiliated employees within the meaning of D.C. Code § 2–220.02(1).

23.      This action is maintained as a collective action pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b).  Consents to Join Collective Action executed by the named Plaintiffs will be filed concurrently as Exhibit D to the Notice of Filing Consents to Join Action.

24.      Plaintiffs seek to maintain the District of Columbia claims as a class action, pursuant to Fed. R. Civ. P. 23.  Plaintiffs bring this action on behalf of all other employees similarly situated.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.      For at least the three years prior to the date of the filing of this Complaint, Defendants Aramark and Motir employed Plaintiffs, and each of them, as housekeeping aides.

Defendants did not classify them as exempt.  Plaintiffs did not perform any work that was of a *bona fide* executive, administrative or professional nature, or that would otherwise exempt them from the application of the Fair Labor Standards Act or the wage-payment laws of the District of Columbia.

26.     More specifically, Plaintiffs, and each of them, work as housekeeping aides for Defendants pursuant to a contract between Aramark and the WCSA.   Plaintiffs are responsible for providing professional janitorial cleaning services, including routine, scheduled and unscheduled services at the Washington Convention Center during three assigned shifts.

27.     The contract between Aramark and the WCSA attaches the WCSA Standard Contract Provisions, which explicitly state that "During the performance of the Contract, the Contractor and any of its subcontractors shall comply with The Living Wage Act of 2006, codified at DC Official Code §§ 2–220.0 I through II."  Aramark and Motir are required to pay their employees the living wage established by the DC Living Wage Act for all time worked.

28.     Upon information and belief, Defendant Motir, a minority business enterprise, is the assigned subcontractor of Aramark and assumes responsibility for a portion of these professional janitorial cleaning services required by Aramark's contract with WCSA.

29.     The Plaintiffs are intended third-party beneficiaries of these aforesaid contracts.

30.     More specifically, pursuant to the DC Living Wage Act and implementing regulations, and pursuant to the contract between Aramark and the WCSA, Defendants are required to pay all Plaintiffs a minimum hourly wage rate of $13.40 per hour beginning January 1, 2013; $13.60 per hour beginning January 1, 2014; $13.80 per hour beginning January 1, 2015, and $13.85 per hour beginning January 1, 2016.

31.     Defendants employ Plaintiffs, and similarly situated employees, at an hourly wage.  Plaintiffs and several of the housekeeping aides employed by Aramark and Motir make

below the living wage.

32.     From October 2004 until December 2015, the starting wage for all but five grandfathered Aramark and Motir employees was $9.79 per hour.  In December 2015, the starting wage rate increased to $10.15 per hour.   Housekeeping aides employed after October 1, 2004 who work a night shift also receive a night differential of $0.50 per hour.

33.     Part-time employees receive a raise of $0.50 after a 90 day probationary period. Full-time employees receive a raise of $1.00 after a 90 day probationary period.  Thereafter, housekeeping aides receive modest annual raises that are often less than $0.50 per year.  As a result of these pay policies, many housekeeping aides who have worked for Defendants for several years earn below the living wage.

34.     For example, Plaintiff Kierra Oliver was hired in June 2007 at a starting hourly rate of $9.79.  Her current hourly rate of pay is $13.50.

35.     Plaintiff Tyrone Prince was hired in October 2010 at a starting hourly rate of $9.79.  His current hourly rate of pay is $12.27.

36.     Plaintiff Gary McNair El was hired in May 2014 at a starting hourly rate of $9.79. Mr. McNair El has been on workers compensation leave since on or about February 2016.  At that time his hourly rate of pay was $11.05.

37.     Plaintiff De'Lonn Hardie was hired in September 2015 at a starting hourly rate of $9.79.  His current hourly rate of pay is $11.50.

38.     Moreover, for certain weeks during their employment, housekeeping aides hired on or after July 1, 2015 earned less than the minimum wage required by the DC Minimum Wage Act.

39.     Pursuant to the DC Minimum Wage Act, Defendants were required to pay all

employees a minimum hourly wage rate of $10.50 per hour beginning July 1, 2015 until June 30, 2016, when the DC minimum wage rate increased to $11.50.

40.     Plaintiff De'Lonn Hardie and other housekeeping aides who were hired on or after July 1, 2015 and before December 9, 2015 received a starting wage rate of $9.79. Housekeeping aides hired after December 9, 2015 received a starting wage of $10.15.  These housekeeping aides thus made below the minimum wage of $10.50 per hour required by the DC Minimum Wage Act for at least the first 90 days of their employment.

41.     Depending on the events scheduled at the Washington Convention Center, both part-time and full-time Aramark and Motir housekeeping aides often work over forty hours in a week.

42.     Aramark and Motir pay some overtime compensation to employees who work over 40 hours in a week, but at a rate of less than 1.5 times the applicable living wage rate, in violation of 29 U.S.C. § 207(a); 29 C.F.R. § 778.107; and 29 C.F.R. § 778.5.

43.     Defendants have maintained a policy and practice of failing to pay overtime compensation at the rate required by federal and state law and regulations to Plaintiffs and similarly situated employees who worked in excess of 40 hours per week.

44.     At all times material to this action, each Defendant maintained a centralized payroll operation for all their non-exempt employees.  Both Defendants applied the same payroll policies to all their non-exempt employees who worked as housekeeping aides at the Washington Convention Center.

45.     Documentation and records concerning the number of hours actually worked by Plaintiffs and other housekeeping aides at the Washington Convention Center, and the compensation actually paid to Plaintiffs and other similarly-situated housekeeping aides, are in the

possession, custody or control of Defendants.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA AND DC MINIMUM WAGE ACT

46.     This action is maintainable as an "opt-in" collective action as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA and the DC Minimum Wage Act.

47.     Plaintiffs bring the FLSA and DC Minimum Wage Act claims on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate required by the DC Living Wage Act or the minimum wage required by the DC Minimum Wage Act for the period of three (3) years before the filing of the instant Complaint.

48.     On information and belief, there are more than 70 current and former non-exempt employees of Defendants who are similarly situated to Plaintiffs in that they were not paid at the required hourly living or minimum wage rate and/or were not paid at a rate of one and one-half times the living wage for overtime hours.  The precise number of similarly-situated employees is known only to Defendants.  Therefore, members of this collective class are numerous and unknown to Plaintiffs such that joinder of each member would be impracticable.

49.     Because these similarly-situated employees are readily identifiable to Defendants and may be located through their records, they may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32–1012, for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA and the DC Minimum Wage Act.

50.     A collective action is appropriate in this case because the allegations stem from a common compensation policy instituted by Defendants in violation of the FLSA and the DC Minimum Wage Act.

51.     Plaintiffs are adequate representatives of the collective class because they were non-exempt employees who were not properly compensated for work they performed for Defendants, worked in excess of 40 hours per week for Defendants, and were not paid at the required hourly living or minimum wage rate and/or not paid at a rate of one and one-half times the living wage for all overtime hours in violation of 29 U.S.C. § 207(a); 29 C.F.R. § 778.107; 29 C.F.R. § 778.5 and D.C. Code § 32–1003(c).

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs bring claims under the DC Wage Payment Law, the DC Living Wage Act, and for common law breach of contract as a class action pursuant to Fed. R. Civ. P. 23.

53.     Plaintiffs bring these claims on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate required by the DC Living Wage Act or the minimum wage required by the DC Minimum Wage Act for the period of three (3) years before the filing of the instant Complaint.

54.     The Class is comprised of a subclass of Motir employees and a subclass of Aramark employees.  There are approximately 35 current and former employees of Defendant Motir in the Motir subclass, and Plaintiffs Tyrone Prince and De'Lonn Hardie seek to represent this subclass. There are approximately 35 current and former employees of Defendant Aramark in the Aramark subclass, and Plaintiffs Kierra Oliver and Gary McNair El seek to represent this subclass.

13

55.     This action involves substantial questions of fact and/or law common to the claims of the Class and the subclasses, including, but not limited to, whether Defendants had a practice and policy of wrongly failing to pay overtime and non-overtime compensation at the required living or minimum wage rate.

56.     The prosecution of separate actions by individual members of the Class and the subclasses would create a risk of inconsistent or varying adjudications with respect to individual members of the class and the subclasses that would establish incompatible standards of conduct for Defendant, pursuant to Fed. R. Civ. P. 23(b)(1)(A).

57.     The prosecution of separate actions by individual members of the Class and the subclasses would create a risk of adjudications with respect to individual members of the Class and the subclasses that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests, pursuant to Fed. R. Civ. P. 23(b)(1)(B).

58.     Alternatively, or in addition, questions of law or fact common to Class and subclass members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, pursuant to Fed R. Civ. P. Rule 23(b)(3).

59.     Plaintiffs' claims are typical of the claims of the Class and respective subclasses. Plaintiffs have each not been paid properly for overtime and/or paid their living wage rate that Defendants are required by law to pay, on the same grounds applicable to all members of the Class and the subclasses.

60.     Plaintiffs' claims are based on the same facts as those of the other members of the Class and the respective subclasses.

14

61.     Plaintiffs will fairly and adequately protect the interests of the Class and the respective subclasses.

62.     Plaintiffs have no interests that are antagonistic to the interests of the Class or the respective subclasses as a whole.  They are committed to the vigorous prosecution of this action and have retained competent counsel who are experienced in wage and hour law and class action litigation.

**COUNT I**
**VIOLATION OF THE FLSA**
**[29 U.S.C. § 201 *et. seq.*]**

63.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

64.     Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate required by the DC Living Wage Act for the period of three (3) years before the filing of the instant Complaint.

65.     Under Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendants were required to pay the Plaintiffs and all similarly-situated employees one and-one-half of their applicable wage rate for their hours worked in excess of 40 per workweek.

66.     Defendants have violated the requirements of the FLSA by failing to pay its employees at one and one-half the living wage rate for all hours worked in excess of 40 in a workweek.

67.     Defendants' actions were willful as evidenced by their failure to pay Plaintiffs and all similarly-situated employees all wages due, including overtime, when Defendants knew, or

should have known, that such was due.

68.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and all similarly-situated employees are entitled to an additional equal amount as liquidated damages pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

69.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs under Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF DC LIVING WAGE ACT
### [D.C. Code § 2–220.01 *et seq*.]

70.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

71.     Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate required by the DC Living Wage Act for the period of three (3) years before the filing of the instant Complaint.

72.     Pursuant to the DC Living Wage Act, recipients of contracts with the District of Columbia in the amount of $100,000 or more and all subcontractors of recipients of these contracts that receive funds of $15,000 or more shall pay their affiliated employees no less than the living wage. D.C. Code § 2–220.03.

73.     At all relevant times, Plaintiffs were "affiliated employees" protected by the DC Living Wage Act. D.C. Code § 2–220.02(1).

74.     At all relevant times, Aramark was a "recipient" of a multi-million dollar contract with the District of Columbia government, and thus was required to pay employees the living

wage required by the DC Living Wage Act. D.C. Code § 2–220.02(2), (5).

75.     Upon information and belief, at all relevant times Motir was a subcontractor of Aramark receiving funds of $15,000 or more and thus was required to pay employees the living wage required by the DC Living Wage Act. D.C. Code § 2–220.03.

76.     At all relevant times, Defendants were obligated to compensate Plaintiffs for non-overtime hours worked at the living wage rate and for overtime hours worked at the rate of one and one-half times the living wage rate.

77.     At all relevant times, Defendants, without excuse or justification, failed to pay Plaintiffs at a regular hourly rate at least equal to the living wage rate required by the DC Living Wage Act.

78.     At all relevant times, Defendants, without excuse or justification, failed to pay Plaintiffs at a rate of at least one and one-half times the living wage rate required by the DC Living Wage Act for hours worked each week in excess of forty.

79.     Defendants' failure to pay Plaintiffs all wages required by the DC Living Wage Act was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

80.     Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs and all members of the Class under Count II for all unpaid wages in such an amount to be proven at trial, plus statutorily available liquidated damages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
## VIOLATION OF MINIMUM WAGE PROVISIONS OF THE DC MINIMUM WAGE ACT
### [D.C. Code §32–1001 *et seq.*]

81.     Plaintiffs incorporate by reference and reallege each and every allegation set forth

17

above as though fully set forth herein.

82.     Plaintiff De'Lonn Hardie brings this claim on behalf of himself and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid the minimum wage rate required by the DC Minimum Wage Act during the period three (3) years before the filing of the instant Complaint.

83.     Under the DC Minimum Wage Act, D.C. Code § 32–1003(a)(4), Defendants were required to pay the Plaintiffs and all employees similarly situated a minimum wage rate of $10.50 beginning July 1, 2015.

84.     Defendants, without excuse or justification, failed to pay Plaintiff De'Lonn Hardie and other housekeeping aides hired after July 1, 2015 the $10.50 minimum wage required by D.C. Code § 32–1003(a)(4) for at least the first 90 days of their employment.

85.     Defendants' actions were willful and not in good faith as evidenced by their failure to pay these Plaintiffs the minimum wage required by law when Defendants knew, or should have known, that such was due.

86.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff De'Lonn Hardie and all similarly-situated employees are entitled under Count III, in addition to unpaid wages in such an amount to be proven at trial, to an additional amount as liquidated damages equal to treble the amount of unpaid wages pursuant to D.C. Code § 32–1012(b).

87.     Defendants are liable, individually and collectively, jointly and severally, for violations of the DC Minimum Wage Act pursuant to D.C. Code § 32–1012(c).

88.     Plaintiff De'Lonn Hardie and all similarly-situated members of the Class are entitled to an award of interest, their reasonable attorneys' fees and costs under D.C. Code § 32–1012(c),

plus any other and further relief this Court deems appropriate.

**COUNT IV**
**VIOLATION OF OVERTIME PROVISIONS OF THE DC MINIMUM WAGE ACT**
**[D.C. Code §32–1001 *et seq.*]**

89.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

90.     Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate required by the DC Living Wage Act or minimum wage required by the DC Minimum Wage Act for the period of three (3) years before the filing of the instant Complaint.

91.     Under the DC Minimum Wage Act, D.C. Code § 32–1003(c), Defendants were required to pay the Plaintiffs and all employees similarly situated overtime compensation of one and one-half times the regular rate for their hours worked in excess of 40 per workweek.

92.     Defendants maintained a policy against paying adequate overtime for hours worked in excess of 40 per workweek, and has refused to pay the required overtime.

93.     Defendants have violated the overtime compensation requirements of D.C. Code § 32–1003(c) by failing to pay its employees at time and one-half the regular rate for all hours worked in excess of 40 in a workweek.

94.     Plaintiffs and all members of the Class are entitled to be paid at one and one-half the living wage rate for those hours worked in excess of 40 hours in a workweek.

95.     Defendants' actions were willful and not in good faith as evidenced by their failure to pay Plaintiffs proper overtime when Defendants knew, or should have known, that such was due.

96.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and all similarly-situated employees are entitled under Count IV, in addition to unpaid overtime compensation in such an amount to be proven at trial, to an additional amount as liquidated damages equal to treble the amount of unpaid overtime compensation pursuant to D.C. Code § 32–1012(b).

97.     Defendants are liable, individually and collectively, jointly and severally, for violations of the DC Minimum Wage Act pursuant to D.C. Code § 32–1012(c).

98.     Plaintiffs and all members of the Class are entitled to an award of interest, their reasonable attorneys' fees and costs under D.C. Code § 32–1012(c), plus any other and further relief this Court deems appropriate.

<u>COUNT V</u>
**VIOLATION OF THE DC WAGE PAYMENT LAW**
**[D.C. Code §32–1301 *et seq.*]**

99.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

100.     Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate required by the DC Living Wage Act or minimum wage required by the DC Minimum Wage Act for the period of three (3) years before the filing of the instant Complaint.

101.     Under the DC Wage Payment Law, Defendants were required to pay Plaintiffs and all employees similarly situated all wages earned for time worked.

102.     Defendants maintained a policy against paying all wages earned by failing to pay

overtime and non-overtime compensation at the living or minimum wage rate.

103.    Defendants' actions violated D.C. Code § 32–1301 *et seq.* by failing to pay employees all wages earned.

104.    Defendants' actions were willful and not in good faith as evidenced by their failure to pay Plaintiffs all wages earned when Defendants knew, or should have known, that such was due.

105.    Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs and all members of the Class under Count V for all unpaid wages in such an amount to be proven at trial, plus statutorily available liquidated damages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT VI
## THIRD PARTY BENEFICIARY BREACH OF CONTRACT CLAIM

106.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

107.    Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants working as housekeeping aides in the Washington Convention Center who were not paid overtime and non-overtime compensation at the living wage rate for the period of three (3) years before the filing of the instant Complaint.

108.    Defendants were required, under the contract between Aramark and WCSA, to pay their employees, including Plaintiffs and others similarly situated, the living wage set forth by the Living Wage Act of 2006.

109.    Plaintiffs and others similarly situated were persons covered by, or the intended third-party beneficiaries of, the requirement in the contract between Aramark and WCSA that Aramark and any of its subcontractors comply with the Living Wage Act of 2006.

110.     Defendants knowingly and willfully failed or refused to pay Plaintiffs and others similarly situated the living wage for overtime and non-overtime hours of work in connection with the execution of Defendants' contract(s) to provide janitorial services at the Washington Convention Center.

111.     The Defendants' failure or refusal to pay Plaintiffs and others similarly situated the living wage for overtime and non-overtime hours constitutes a material breach of Aramark's contract with WCSA and any subcontract or other contractual arrangement Aramark has with Motir.

112.     Plaintiffs and all others similarly situated did not receive the moneys they were due as beneficiaries of the contracts entered into by Defendants, which provided for the payment of living wages, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs were paid and the amount Plaintiffs should have been paid in overtime and non-overtime living wages, together with an award of interest, costs, disbursements, attorneys' fees as allowed by the relevant statutes and such other relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly-situated persons, pray for the following relief:

1.     Enter judgment against Defendants for all unpaid overtime compensation found due to the Plaintiffs and all similarly-situated employees as a result of Defendants' violations of 29 U.S.C. § 207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

2.     Enter judgment against Defendants for all unpaid compensation found due to the

Plaintiffs and all similarly-situated employees as a result of Defendants' violations of the DC Living Wage Act, plus an additional three times the unpaid compensation owed, pursuant to D.C. Code § 2–220.08 and Chapter 13 of Title 32 of the D.C. Code.

3.      Enter judgment against Defendants for all unpaid overtime and non-overtime compensation found due to the Plaintiffs and all similarly-situated employees as a result of Defendants' violations of the DC Minimum Wage Act, plus an additional three times overtime and non-overtime compensation owed, pursuant to D.C. Code § 32–1012(b);

4.      Enter judgment against Defendants for all unpaid wages found due to the Plaintiffs and all similarly-situated employees as a result of Defendants' violations of the DC Wage Payment Law, D.C. Code §§ 32–1300 *et seq.*, plus an additional equal amount as liquidated damages;

5.      Certify this action as a Class Action, and appoint Plaintiffs as the representatives of the Classes and the undersigned attorneys as Class Counsel;

6.      Order that Defendants cease and desist violating the FLSA, the DC Living Wage Act, the DC Minimum Wage Act, and the DC Wage Payment Law;

7.      Permanently enjoin Defendants to pay overtime and non-overtime compensation at least at the living wage rate required by the DC Living Wage Act.

8.      Award Plaintiffs the costs of this action and their reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b), and D.C. Code §§ 32–1012(c) and 32–1308(b).

9.      Award Plaintiffs any other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  July 19, 2016    Respectfully submitted,


      s/ Mark Hanna
     Mark Hanna (471960)
     Michelle Banker (1003535)
     Murphy Anderson PLLC
     1401 K Street NW, Suite 300
     Washington, DC 20005
     tel: (202) 223-2620
     fax: (202) 296-9600

     Counsel for the Plaintiffs