IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TYRONE PRINCE, et al. on behalf of
themselves and all similarly-situated persons,

        Plaintiffs,

vs.

ARAMARK CORPORATION, et al.,

        Defendants.

Case No. 1:16-cv-1477-CKK

/

## ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING SETTLEMENT

Upon review and consideration of the Joint Motion of the parties to Approve the Settlement, filed November 18, 2016 [Dkt. No. 29], the attachments thereto, and the entire record herein, it is hereby ORDERED as follows:

### Preliminary Approval of Settlement and Certification of Settlement Class

1. The Court finds that it has jurisdiction over this Action.

2. The terms of the Settlement Agreement (the "Settlement") are preliminarily approved, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the Settlement was reached after arm's-length negotiations between the parties, and that the Settlement is adequate, fair, and sufficiently within the range of reasonableness so that notice of the Settlement should be sent as described below.

3. The Court preliminarily finds for the purposes of settlement—and only for such purposes—that questions of law and fact common to class members predominate

1

over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Accordingly, the Court certifies a class for purposes of effectuating the Settlement reached between the parties defined as all current and former employees of Defendants and their predecessors, assigns, and/or related companies who worked at the Walter E. Washington Convention Center ("Washington Convention Center") at any time between July 19, 2013 through November 16, 2016 and were not classified as salaried, exempt employees. The class includes, but is not limited to, all persons employed as housekeeping aides or similar positions.

4. The Court appoints the following attorneys as Class Counsel to represent the class:

Mark Hanna
Michelle Banker
Murphy Anderson PLLC
1401 K St. NW, Suite 300
Washington, DC 20005
(202) 223-2620

### Notice to Potential Class Members

5. The Notice of Class Action Lawsuit And Proposed Settlement attached as Exhibit B to the parties' motion is hereby approved and shall be sent by first class mail to all potential class members within 20 days of the date of this Order.

6. Prior to the Fairness Hearing described below, Class Counsel shall file with the Court a sworn statement attesting to compliance with paragraph 5 above.

## Requests for Exclusion from the Class

7. Any member of the class who wishes to be excluded from the class must mail a written request for exclusion to the following Claims Administrator [1]:

XXX Settlement Administrator
c/o Rust Consulting, Inc
PO Box XXXX
Minneapolis, MN 55302-XXXX
Phone: 1-866-XXX-XXXX

8. The request for exclusion must be postmarked on or before 30 days from the date Class Counsel sends the Notice of Class Action Lawsuit And Proposed Settlement. The request for exclusion shall include the person's name, address, phone number, statement that the person is requesting exclusion from the class, and a signature and date.

9. Any Class member who submits a valid and timely request for exclusion shall not be bound by the Settlement, shall not be entitled to share in the benefits of the Settlement, and shall not be bound by the Court's Final Order and Judgment, whether favorable or adverse.

10. Any Class member who does not properly and timely mail a request for exclusion shall be bound by all of the terms and provisions of the Settlement, whether or not such Class member objected to the Settlement, received actual notice, or participated in the Settlement.

---

[1] The precise contact information for the claims administrator at Rust Consulting will be included when the class notices are prepared.

3

## Fairness Hearing

11. A Final Approval Hearing ("Fairness Hearing") shall be held by the Court on **May 25, 2017** at **10 a.m.**, in Courtroom 28A of the United States District Court for the District of Columbia, 333 Constitution Avenue N.W, Washington D.C. 20001, to consider (a) the fairness, reasonableness and adequacy of the Settlement, and (b) Class Counsels' request for attorneys' fees and expenses.

12. Any Class member who wishes to comment in support of, or in opposition to, the fairness, reasonableness and adequacy of the Settlement or Class Counsels' request for attorneys' fees and expenses must serve on Class Counsel in writing by mail, postage prepaid, his or her comments and/or objections and a notice of the Class member's intention to appear at the Fairness Hearing on or before 30 days from the date Class Counsel sends the Notice of Class Action Lawsuit And Proposed Settlement. Any objecting Class member must also serve Counsel for the Defendants with his or her comments in writing, by mail, postage prepaid, on or before 30 days from the date Class Counsel sends the Notice of Class Action Lawsuit And Proposed Settlement. Any Class member who fails to comply with the provisions of this paragraph shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement and Orders of this Court.

13. Within five business days of receipt of any Class member's comments and/or objections, Class Counsel will file those objections with the Court along with any response.

14. Any Class member that has not filed a request for exclusion in the manner

4

set forth above may appear at the Fairness Hearing in person or by counsel. Any Class member that has complied with the provisions of paragraph 11 above must attend the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by this Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement or Class Counsels' request for attorneys' fees and expenses. No person shall be heard in opposition to the fairness, reasonableness or adequacy of the Settlement or Class Counsel's request for attorneys' fees and expenses, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless such person has complied with the provisions of paragraph 11 above.

15. At least seven days prior to the Fairness Hearing, the parties shall file their Motion for Final Approval, which shall include a response to all objections that have been submitted, if any.

16. All other deadlines in the above-styled action are stayed pending further order from the Court.

17. In the event the settlement does not become final and effective for any reason, nothing in this Order shall be construed to prejudice any position that any of the parties may assert in any aspect of the above-styled action.

18. Neither the Settlement nor any of its terms or provisions nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the above-styled case or any liability, fault, or wrongdoing of any kind. Likewise, nothing in the Settlement may be taken as evidence of any lack of viability or of the inadmissibility of any evidence or

of any lack of merit in Plaintiffs' asserted claims.

19. Nothing in this Order is intended to or does alter any of the terms agreed by the parties in the Settlement.

SO ORDERED.

Dated: March 14, 2017

_____
Honorable Colleen Kollar-Kotelly
United States District Court Judge