IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TYRONE PRINCE, et al. on behalf of
themselves and all similarly-situated persons,

        Plaintiffs,

vs.

ARAMARK CORPORATION, et al.,

        Defendants.

_____/

Case No. 1:16-cv-1477-CKK

**CONSENT MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiffs hereby move this Court for final approval of the settlement of the above-captioned lawsuit (the "Lawsuit"). Defendants have consented to this motion. Plaintiffs state as follows in support of their motion:

1. On July 19, 2016, Plaintiffs Tyrone Prince, De'Lonn Hardie, Kierra Oliver, and Gary McNair El filed a complaint on behalf of themselves and all similarly-situated housekeeping employees of Defendants at the Walter E. Washington Convention Center, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA claims"), the District of Columbia Living Wage Act, D.C. Code § 2–220.01 *et seq.*, the District of Columbia Minimum Wage Revision Act, D.C. Code § 32–1001 *et seq.*, the District of Columbia Wage Payment and Collection Law, D.C. Code § 32–1301, *et seq.*, and District of Columbia common law (the "District of Columbia Claims"). Specifically, Plaintiffs claim that defendants failed to pay them overtime and non-overtime compensation at the living wage rate required by the District of Columbia Living Wage

Act and the minimum wage required by the District of Columbia Minimum Wage Revision Act. The FLSA claims were filed as a collective action. The District of Columbia claims are maintained as a class action under Fed. R. Civ. P. 23.

2. Defendants deny all material allegations set forth in Plaintiffs' Complaint.

3. Since the filing of the Lawsuit, 64 similarly-situated employees filed Consents to Join in the lawsuit. There are now 68 plaintiffs in the Lawsuit (Plaintiffs Prince, Hardie, Oliver, McNair El, and 64 "opt-in" plaintiffs).

4. After extensive arms'-length negotiations over several weeks, the Parties reached a proposed settlement that they believe to be fair, adequate and reasonable.

5. On March 14, 2017, the Court preliminarily approved the settlement, preliminarily finding that it was "reached after arm's-length negotiations between the parties" and that it is "adequate, fair, and sufficiently within the range of reasonableness so that notice of the Settlement should be sent." [Dkt. #32, ¶ 2.] The Court preliminarily certified a class for purposes of settlement only defined as "all current and former employees of Defendants and their predecessors, assigns, and/or related companies who worked at the Walter E. Washington Convention Center ("Washington Convention Center") at any time between July 19, 2013 through November 16, 2016 and were not classified as salaried, exempt employees," including but not limited to "all persons employed as housekeeping aides or similar positions." [Dkt. #32, ¶ 3.] The Court appointed Mark Hanna and Michelle Banker as Class Counsel to represent the class [Dkt. #32, ¶ 4], and approved notice of the settlement to be sent to class members [Dkt. #32, ¶ 5.]

6. The Parties now seek the Court's final approval of the settlement because (1) this case alleges claims under the FLSA, and (2) this case alleges a Rule 23 class action. While the D.C. Circuit has yet to address the propriety of FLSA waivers accomplished by private agreement, Plaintiffs seek Court approval of their proposed settlement to avoid any possible uncertainty with respect to the validity and enforceability of their proposed agreement. *E.g., Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131 (D.D.C. 2014); *Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 159 (D.D.C. 2014). In addition, Fed. R. Civ. P. 23(e) provides that parties must seek approval from the Court for any proposed settlement of class claims. *Thomas v. Albright*, 139 F.3d 227, 231 (D.C. Cir. 1998). Accordingly, the Parties request that the Court finally approve the settlement of the FLSA and District of Columbia claims of all class members and find the settlement to be fair, reasonable, and adequate.

7. For the reasons set forth in the accompanying memorandum of points and authorities and Declaration of Michelle Banker, Plaintiffs respectfully request that this Court enter an order (a) finally certifying the class for settlement purposes only; (b) granting final approval of the Settlement Agreement; (3) ordering distribution of the settlement proceeds pursuant to the Settlement Agreement; (4) approving the award of attorney's fees to class counsel pursuant to the Settlement Agreement; and (5) dismissing the case with prejudice.

WHEREFORE, Plaintiffs respectfully request that their motion be granted.

Dated:  May 13, 2017	Respectfully submitted,

<div style="margin-left:3em;">

<u>s/ Michelle Banker</u>
Mark Hanna (Bar No. 471960)
Michelle Banker (Bar No. 1003535)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
tel: (202) 223-2620
fax: (202) 296-9600

*Counsel for the Plaintiffs*

</div>